IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DOUGLAS D HENSON, JR                                                                PLAINTIFF

v.                                        Civil No. 1:19-cv-1008

DAVID NORWOOD, Sheriff, Ouachita County;
CHERIL MENDENHALL, LPN, Ouachita County
Jail; CAMERON OWENS, Administrator, Ouachita
County Jail; DOUG WOODS, Sergeant, Ouachita
County Jail; and TIFFINY KINLEY                                                    DEFENDANTS

## ORDER

Currently before the Court is Plaintiff Douglas D Henson, Jr.'s failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on February 20, 2019, in the Eastern District of Arkansas. (ECF No. 2). On March 4, 2019, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 4).

On November 12, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 22). That same day, the Court entered an order directing Plaintiff to file a response to the motion by December 3, 2019. (ECF No. 26). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, the Court's has not been returned as undeliverable and Plaintiff has not filed a response to the summary judgment motion.

On December 9, 2019, the Court entered an order directing Plaintiff to show cause by December 19, 2019, as to why he failed to file a response to Defendants' Motion for Summary Judgment. (ECF No. 27). This order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed. To date, the order has not been returned as undeliverable and Plaintiff has not responded to the Court's order to show cause.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 2nd day of January, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge